IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| FREDRICK W. CHASEZ, JR. | § | PLAINTIFF |
| | § | |
| v. | § | CAUSE NO. 1:07CV929 LG-JMR |
| | § | |
| POWELL, ET AL. | § | DEFENDANTS |

**MEMORANDUM OPINION AND ORDER GRANTING
STATE DEFENDANTS' MOTION TO DISMISS**

BEFORE THE COURT is the Motion to Dismiss [22] pursuant to FED. R. CIV. P. 12(b)(1) and/or 12(b)(6) filed by the State of Mississippi, Mississippi Department of Human Services (Child Support Division and Family and Children's Services), Chancery Court for the Eighth District of Mississippi, the Mississippi Attorney General's Office and the Mississippi Supreme Court (hereinafter referred to as "the State Defendants"). The Plaintiff, Frederick Chasez, has filed his response, and the State Defendants have filed a reply.

The State Defendants seek dismissal on three general grounds: Eleventh Amendment immunity; the *Rooker-Feldman* doctrine and/or collateral estoppel; and the statute of limitations. After due consideration of the pleadings and the relevant law, it is the Court's opinion that Chasez's claims against the State Defendants are barred by the Eleventh Amendment to the United States Constitution. Accordingly, the Motion to Dismiss pursuant to FED. R. CIV. P. 12(b)(1) will be granted.

FACTS

Plaintiff's claims arise from Plaintiff's 1997 divorce proceedings and a related breach of contract case in the Chancery Court of Hancock County, Mississippi. In 1999, the chancellor entered a judgment of divorce and granted temporary legal custody of the children to the Mississippi Department of Human Services, pending a report from that agency. *See Chasez v.*

*Chasez*, 957 So. 2d 1031, 1033 (Miss. Ct. App. 2007).  After receiving the report, the chancellor granted Mrs. Chasez physical custody of the children and directed the Plaintiff to pay outstanding child support.  *Id.*  Subsequently, the chancellor held Plaintiff in contempt on numerous occasions for failure to pay child support.  *Id.* at 1033-34.

Plaintiff has filed two appeals relating to the divorce proceedings and contempt hearings. *See Chasez v. Chasez*, 935 So. 2d 1058 (Miss. Ct. App. 2005); *Chasez v. Chasez*, 957 So. 2d 1031 (Miss. Ct. App. 2007).  On both occasions, the Mississippi Court of Appeals affirmed the chancellor's rulings.  *See* 935 So. 2d at 1063; 957 So. 2d at 1039.

In this action, Plaintiff alleges that:

> [a]ll illegal actions taken by the defendants stem from either case No. 97-0495 filed in July 1997 or case No. 98-0096 filed in February 1998.  The common denominator in both cases is bank fraud by a federal insured banking institution and the fraudulent transfer of plaintiff's property while under a court ordered restraint.

Ct. R. 1 p. 6.  Plaintiff goes on to accuse the Defendants of altering trial transcripts, hiding and/or removing evidence from court files, refusing to hear legal motions or accept complaints of wrong-doing, adjudicating cases without proper jurisdiction, and "allowing a 10 year campaign of malicious prosecutions without due process resulting in the kidnapping held [sic] for ransom and extortion of plaintiff."  *Id*.  There are additional allegations with the same underlying theme.  Plaintiff seeks both monetary and equitable relief.

## DISCUSSION

Because application of Eleventh Amendment immunity implicates the Court's subject matter jurisdiction, that issue is addressed first.  *See Dominguez-Cota v. Cooper Tire & Rubber Co.*, 396 F.3d 650, 652 (5th Cir. 2005).  It is undisputed that each of the State Defendants is an

agency or arm of the State of Mississippi, all having been created by state law[1] and funded through the state treasury.  Thus, Plaintiff's claims against them are essentially claims against the state, *Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 326 (5th Cir. 2002), and are barred by the Eleventh Amendment to the United States Constitution.

The Eleventh Amendment bars suits filed in federal court against non-consenting states by their own citizens or citizens of another state.  *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Hughes v. Savell*, 902 F.2d 376, 377 (5th Cir. 1990); *Barry v. Fordice*, 814 F. Supp. 511, 514 (S.D. Miss. 1992), aff'd, 8 F.3d 1 (5th Cir. 1993).  Immunity under the Eleventh Amendment applies to suits against state agencies, departments and instrumentalities. *Halderman*, 465 U.S. at 100; *Leland v. Miss. State Bd. of Registration for Prof'l Eng'rs and Land Surveyors*, 841 F. Supp. 192, 195 (S.D. Miss. 1993), aff'd, 35 F.3d 559 (5th Cir. 1994). Furthermore, the United States Supreme Court has applied the Eleventh Amendment prohibition against suit to actions against state officials sued in their official capacity.  *Kentucky v. Graham*, 473 U.S. 159, 169 (1985).  The Eleventh Amendment bar applies whether the relief sought is equitable or monetary.  *Halderman*, 465 U.S. at 100-101.

Accepting all of Plaintiff's allegations as true and applying the law stated above, it is clear that Plaintiff's attempt to sue these Mississippi state agencies is barred by the Eleventh Amendment.  Accordingly, the Court lacks subject matter jurisdiction over the State Defendants

---

[1] Miss. Code § 43-1-2 creates the "Office of Family and Children's Services" and the "Office of Child Support" within the Mississippi Department of Human Services; Miss. Const., Art. 6 §§ 152, 159 and Miss. Code. §§ 9-5-1 *et seq.* provide for chancery court districts and jurisdiction; Miss. Const., Art. 6, § 173 and Miss. Code §§ 7-5-1 *et seq.* provide for the office of Attorney General and describe powers and duties; Miss. Const. Art. 6, § 144 and Miss. Code §§ 9-3-1 *et seq.* vest the judicial power of the state in the Mississippi Supreme Court and other courts.

and Plaintiff's claims against the State Defendants must be dismissed pursuant to FED. R. CIV. P. 12(b)(1). In light of this conclusion, it is unnecessary for the Court to examine the State Defendants' remaining grounds for dismissal.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion to Dismiss [22] pursuant to FED. R. CIV. P. 12(b)(1) filed by the State of Mississippi, Mississippi Department of Human Services (Child Support Division and Family and Children's Services), Chancery Court for the Eighth District of Mississippi, the Mississippi Attorney General's Office and the Mississippi Supreme Court is **GRANTED**. Plaintiff's claims against these Defendants are **DISMISSED** for lack of subject matter jurisdiction.

**SO ORDERED AND ADJUDGED** this the 22nd day of February, 2008.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE