IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| FREDRICK W. CHASEZ, JR. | § | PLAINTIFF |
| | § | |
| v. | § | CAUSE NO. 1:07CV929 LG-JMR |
| | § | |
| POWELL, ET AL. | § | DEFENDANTS |

**MEMORANDUM OPINION AND ORDER GRANTING MOTION**
**TO DISMISS AND DISMISSING PLAINTIFF'S CASE**

THIS CAUSE COMES BEFORE THE COURT for consideration of the Motion to Dismiss [41, 62] filed by Holmes Sturgeon III. Plaintiff has responded. After considering the submissions, the proceedings in this case and the relevant law, it is the Court's opinion that it lacks subject matter jurisdiction in this matter. The Motion to Dismiss will therefore be granted and Plaintiff's case dismissed pursuant to FED. R. CIV. P. 12(b)(1).

DISCUSSION

Facts and Procedural History:

Plaintiff's claims arise from Plaintiff's 1997 divorce proceedings and a related breach of contract case having to do with the forced sale of real property in the Chancery Court of Hancock County, Mississippi. Chasez appealed the Chancery Court's orders on two occasions to the Mississippi Court of Appeals, both resulting in written opinions. *Chasez v. Chasez*, 935 So.2d 1058 (Miss. App. 2005); *Chasez v. Chasez*, 957 So.2d 1031 (Miss. App. 2007).

Unhappy with the outcome of the litigation, Plaintiff has filed suit in this Court naming as defendants the people and entities involved in the various stages of his litigation, including the Chancery Court, the Mississippi Supreme Court, and all attorneys representing or opposing him, among others. The claims are brought pursuant to 42 U.S.C. § 1983 and include allegations of a conspiracy to deprive Plaintiff of his constitutional rights. Plaintiff requests that the Court enjoin

the Defendants from taking any action in regard to his state court cases (including enforcing the final judgments); requests that the Court either enter judgment or declare the judgment in his state court action null and void; enter an order returning his children to his custody; instigate a criminal investigation for "Racketeering, Deprivation of plaintiff's Constitutional rights, illegal abduction of plaintiff's children, aggravated kidnapping of plaintiff, extortion, theft by misrepresentation, bank fraud and the fixing of plaintiff's trial and perjury;" and award him $1 billion compensatory and $5 billion punitive damages. Compl. 22.

The Motion to Dismiss:

Among the reasons presented for dismissal by Defendant Sturgeon is the *Rooker-Feldman* doctrine. Specifically, Sturgeon argues that this Court is without jurisdiction to award the relief sought by Plaintiff, since awarding such relief would require the Court to review the state court judgments in violation of the *Rooker-Feldman* abstention doctrine. This is a challenge to the Court's subject matter jurisdiction under FED. R. CIV. P. 12(b)(1). In ruling on a motion to dismiss under Rule 12(b)(1), the court may rely on: "1) the complaint alone; 2) the complaint supplemented by undisputed facts; or 3) the complaint supplemented by undisputed facts and the court's resolution of disputed facts." *MCG, Inc. v. Great Western Energy Corp.*, 896 F.2d 170, 176 (5th Cir. 1990) (citation omitted).

The *Rooker-Feldman* Doctrine:

No court of the United States, other than the United States Supreme Court, can entertain a proceeding to reverse, modify, or otherwise engage in an appellate review of, a state court decision. *See Johnson v. DeGrandy*, 512 U.S. 997, 1005-1006 (1994); *Matter of Reitnauer*, 152 F.3d 341, 343 (5th Cir. 1998); 28 U.S.C. § 1257 (establishing Supreme Court jurisdiction to

review the "[f]inal judgments or decrees rendered by the highest court of a State"). It is this jurisdictional rule which forms the basis of the abstention principle first stated in *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923), and restated in *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983). This principle has become known as the *Rooker-Feldman* doctrine.

Under the *Rooker-Feldman* doctrine, a federal district court lacks jurisdiction to entertain collateral attacks on a state court judgment. *Liedtke v. State Bar of Texas*, 18 F.3d 315, 317 (5th Cir.), cert. denied, 513 U.S. 906 (1994). The doctrine prevents a federal district court from reviewing, modifying, or nullifying a state court judgment or order. *Weekly v. Morrow*, 204 F.3d 613, 615 (5th Cir. 2000). The *Rooker-Feldman* bar is not limited only to those actions which explicitly seek review of a state court decision, but "it [also] extends to others in which the constitutional claims presented in federal court are inextricably linked with the state court's grant or denial of relief." *Hale v. Harney*, 786 F.2d 688, 691 (5th Cir. 1986) (internal quotation marks and brackets omitted); *see also Johnson*, 512 U.S. at 1005-1006 (under *Rooker-Feldman*, "a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a [federal] district court").

Plaintiff's civil rights and conspiracy claims essentially challenge the decisions of the Hancock County Chancery Court that Plaintiff owed child support, had failed to pay same, and was therefore in contempt and subject to sanctions for failing to pay. The claims also challenge the decisions of the appellate court that the chancery court proceedings were substantively and procedurally correct. Plaintiff's grounds for his challenge are that the Defendants acted together to deprive him of his money, real property and children, and in the process, civil rights such as

his right to due process and equal protection of the law.  The alleged "enterprise" and actions all relate to the denial of Plaintiff's claims, from Chancery Court through the state appellate process.

Errors in state cases should be reviewed and settled through the state appellate process. *Rooker,* 263 U.S. at 415.  The state courts' decisions, whether right or wrong, are an exercise of jurisdiction.  *Id.*  "If the decision was wrong, that did not make the judgment void, but merely left it open to reversal or modification in an appropriate and timely appellate proceeding.  Unless and until so reversed or modified, it would be an effective and conclusive adjudication."  *Id.  See also Goldberg v. Roth,* No. 99 Civ. 11591, 2001 WL 1622201, at *5 (S.D.N.Y. Dec. 17, 2001) (dismissing federal RICO claims stemming from alleged injustices of state court decision because "[p]laintiff cannot make an end run around the *Rooker-Feldman* doctrine and into federal court ... through the mere assertion of new and baseless claims to supplement the old.").  "While a losing party in state court proceedings may be able in some instances to sue in federal court to 'mount[ ] a general challenge to the constitutionality' of a statute or rule," *Reed v. Terrell*, 759 F.2d 472, 473 (5th Cir. 1985) (citing *Feldman*, 460 U.S. at 483), that situation is not presented in this case.  Nor is this a case where the Plaintiff has brought a fresh federal claim for adjudication before a federal district court.  The published opinions in Chasez's cases show that he has made many of these claims before.  Others are new because they relate to actions taken or judgments made by the appellate court and were therefore not among the claims considered by the appellate court.  If there was any question, reviewing the relief requested by Chasez conclusively establishes that his federal complaint is nothing more than an attempt to collaterally attack the validity of state court judgments to which he was a party.  The Court therefore concludes that Plaintiff's claims should be dismissed for lack of subject matter jurisdiction under

...

...

the *Rooker-Feldman* doctrine.

"'Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to a court is that of announcing the fact and dismissing the cause.'" *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998) (quoting *Ex parte McCardle*, 7 Wall. 506, 514, 19 L.Ed. 264 (1868)). Thus, "[a] federal district court is under a mandatory duty to dismiss a suit over which it has no jurisdiction." *Stanley v. Cent. Intelligence Agency*, 639 F.2d 1146, 1157 (5th Cir. 1981) (internal citations omitted). Accordingly, Plaintiff's claims against all Defendants must be dismissed.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion to Dismiss [41, 62] of Defendant A. Holmes Sturgeon, III is **GRANTED**. Plaintiff's claims against Defendant Sturgeon, and all remaining Defendants, are **DISMISSED WITH PREJUDICE** pursuant to FED. R. CIV. P. 12(b)(1).

**IT IS FURTHER ORDERED AND ADJUDGED** that any remaining motions are denied as moot.

**SO ORDERED AND ADJUDGED** this the 28th day of February, 2008.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE